
FILED
June 18, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002718477

2

Christian J. Younger, Bar No. 222983
**Younger & Hennecke, LLP**
1610 Arden Way, Suite 265
Sacramento, California 95815
(916) 564-8100 Telephone
(916) 564-8116 Facsimile

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA – MODESTO DIVISION

In re:

MYNOR STEVE MERLO

    Debtor.

Case No: 10-92289-E-7
DCN: CJY-1

Chapter 7

Date: July 28, 2010
Time: 10:30 am
Place: 1200 I Street, Suite 4, Modesto, CA

## MOTION TO COMPEL CHAPTER 7 TRUSTEE
## TO ABANDON PROPERTY OF THE ESTATE

**TO THE HONORABLE RONALD H. SARGIS, GARY FARRAR/CHAPTER 7 TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

    Mynor Steve Merlo ("Debtor") hereby moves this Court for an Order Granting Debtor's MOTION TO COMPEL CHAPTER 7 TRUSTEE TO ABANDON PROPERTY OF THE ESTATE based upon the following grounds:

1. Debtor originally filed a Chapter 7 bankruptcy case, bearing the case number 10-92289-E-7 on June 15, 2010.

2. Debtor owns and operates a small cleaning business named "NIT Cleaning Services." A true and correct copy of Amended Schedule B of the Debtor's Voluntary Petition is filed concurrently herewith as Exhibit "A" and incorporated herein by reference. This business has no marketable value outside the Debtor's own efforts. This business is the Debtor's main occupation at the present time. The Debtor has invested substantial resources, time, and

energy into this business and, because of the investment, wishes to keep operating at the present time. If the Debtor ceases operations, even for a short time, he will surely lose clientele, making it impossible to reopen and maintain its required expenses.

3. Debtor asks that the following assets be abandoned by the Chapter 7 Trustee: the business name, "NIT Cleaning Services", the business checking account with Chase Bank with an approximate balance of $500.00, the business checking account with Bank of America with an approximate balance of $10.00, business accounts receivable in the amount of $7,000.00, the 1999 Dodge Cargo Van worth $2,060.00, the 2004 Ford Windstar Van worth $3,225.00, a 2002 Chevrolet Express Van worth $2,300.00, equipment worth $4,000.00 which includes 2 propane buffers, 2 auto scrubbers, 6 vacuums, and other miscellaneous equipment, and miscellaneous cleaning supplies worth $400.00.

4. The cleaning company listed herein and operated by the Debtor, including business checking accounts, accounts receivable, vehicles, equipment and supplies, have a liquidation value of approximately $19,495.00, which is fully exempt under various sections of the California Code of Civil Procedure. A true and correct copy of the Amended Schedule C of the Debtors' Voluntary Petition is filed concurrently herewith as Exhibit "B" and incorporated herein by reference.

5. The equity in the property is exempted pursuant to C.C.P. Sections 703.140(b)(5), 703.140(b)(2) and 703.140(b)(6) as set forth in Debtors' Amended Schedule C filed concurrently herewith in the List of Exhibits.

6. As the property is protected and exempted, it is of inconsequential value to the bankruptcy estate, and there is nothing for the Trustee to administer to unsecured creditors.

DATED: June 18, 2010

/s/ Christian J. Younger
Christian J. Younger
Attorney for Debtor